**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

|  |  |  |
|---|---|---|
| | : | |
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | **Civil Action No. CCB-13-0301** |
| | : | **(Related to Criminal Case** |
| **MICHAEL DENNIS,** | : | **No. CCB-10-0715)** |
| | : | |
| **Defendant** | : | |

...oooOooo...

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S**
**MOTION PURSUANT TO 28 U.S.C. § 2255 AND MOTION**
**TO EQUITABLY TOLL THE ONE-YEAR LIMITATIONS PERIOD**

Now comes the United States of America, by and through its counsel Rod J. Rosenstein, United States Attorney for the District of Maryland, and Ayn B. Ducao, Assistant United States Attorney for the District of Maryland, and respectfully submits this Opposition to Defendant's motion pursuant to 28 U.S.C. § 2255 (Document No. 70) (hereafter "2255 motion") as well as the motion to equitably toll the one-year limitations period (Document No. 73) (hereafter "tolling motion"). The Defendant's motion should be denied because it is untimely filed and the Defendant has not carried his burden of demonstrating that the one-year limitations period should be equitably tolled. Moreover, regarding the substance of the Defendant's claims of ineffective assistance of counsel, the Defendant cannot show either that his counsel's representation fell below "an objective standard of reasonableness" or that any alleged deficient representation prejudiced the Defendant.

**FACTUAL AND PROCEDURAL SUMMARY**

**I.      Indictment and appointment of the Federal Public Defender to represent the Defendant**

On November 18, 2010, the Defendant was charged in a seven-count indictment with conspiracy to possess with intent to distribute cocaine base and heroin; possession with intent to distribute cocaine base; possession with intent to distribute heroin; possession of a firearm by a convicted felon; possession of a firearm in furtherance of a drug trafficking crime; possession of a firearm with an obliterated serial number, in violation of 21 U.S.C. § 846; 21 U.S.C. § 841(a); 18 U.S.C. § 922(g)(1); 18 U.S.C. § 924(c)(1)(A); 18 U.S.C. § 922(k), respectively.[1]  On February 25, 2011, the Defendant had his initial appearance and arraignment on the indictment and, on that date, the Office of the Federal Public Defender was appointed to represent the Defendant.  *See* Docket Nos. 23 and 25 of Criminal No. CCB-10-0715.

**II.     Pre-trial motions filed by the Defendant and the hearing on defense motions prior to the Defendant's guilty plea**

On April 6, 2011, the Defendant filed a motion to suppress tangible and derivative evidence (Document No. 34).  On April 27, 2011, the Defendant filed a motion for a *Franks* hearing and to suppress tangible and derivative evidence (Document No. 35).  Subsequent to a telephone scheduling conference between the Court and counsel for the parties, on May 5, 2011, the Defendant filed a motion to compel confidential informant materials and officer misconduct discovery (Document No. 37).  The Government filed a response to these three defense motions on May 5, 2011 (Document No. 42).  The Defendant filed a reply on May 9, 2011 (Document No. 43).  The Government filed further correspondence regarding the *Franks* hearing requested

---

[1]      The Defendant was not charged in count seven of the indictment which charged the co-defendant Jacklyn Robinson with maintaining a drug-involved premises, in violation of 21 U.S.C. § 856(a)(2).  Counts two and three both charged violations of 21 U.S.C. § 841(a).

by the Defendant on May 27, 2011 (Document No. 45).  A *Franks* hearing was held on May 31,

2011 (Docket Entry No. 46) and the Defendant's motion to suppress was denied.

### III.     The Defendant's guilty plea and sentencing

The Defendant was re-arraigned and, pursuant to a plea agreement dated September 6,

2011, pled guilty to counts one, four and five of the indictment which charged him with

conspiracy to possess with intent to distribute cocaine base and heroin; possession of a firearm

by a convicted felon; and possession of a firearm in furtherance of a drug trafficking crime, in

violation of 21 U.S.C. § 846; 18 U.S.C. § 922(g)(1); 18 U.S.C. § 924(c)(1)(A), respectively.  *See*

plea agreement attached hereto as Exhibit A.  The plea agreement provided that the Government

believed that the Defendant was a Career Offender and an Armed Career Criminal and so his

criminal history category was VI, as determined by the pre plea criminal history report.  *See* plea

agreement at ¶¶ 6 and 7.[2]  *See also* pre plea criminal history report attached hereto as Exhibit B.

In the plea agreement, the parties agreed pursuant to Federal Rule of Criminal Procedure

11(c)(1)(C) that 264 months was the appropriate disposition of the case.  *See* plea agreement at ¶

8.

During his plea colloquy, the Court advised the Defendant of the maximum possible

penalties for both counts, including that count one carried a maximum penalty of twenty years

imprisonment, count four carried a maximum term of life with a fifteen-year mandatory

---

[2]       The pre plea criminal history report found that the Defendant was an Armed Career
Criminal and a Career Offender on the basis of the Defendant's 2007 CDS (Controlled
Dangerous Substances) Distribution and Conspiracy to Distribute CDS, 2009 CDS Possession
with Intent to Distribute, and 2009 CDS Possession with Intent to
Manufacture/Distribute/Dispense Convictions, all from the Circuit Court for Baltimore City.  *See*
pre plea criminal history report at ¶¶ 4, 9, 11, 16, and 17.  However, even without the
determination that the Defendant was a Career Offender or Armed Career Criminal, the
Defendant's "natural" criminal history category was V.

minimum term of imprisonment, and count five carried a maximum term of life with a five-year

mandatory minimum term of imprisonment.  *See* December 16, 2011 plea colloquy transcript at

7, attached hereto as Exhibit C.  Later on during the proceeding, the Court advised that the

mandatory five-year minimum associated with count five was consecutive to the fifteen-year

mandatory minimum associated with count four.  *Id.* at 23-24.

      The Court also asked the Defendant whether he had been threatened or forced to plead

guilty and the Defendant said no.  *See id.* at 13.  The Court also read the statement above the

Defendant's signature on the plea agreement which read:

> I have read this agreement, including the Sealed Supplement, and carefully
> reviewed every part of it with my attorney.  I understand it, and I voluntarily
> agree to it.  Specifically, I have reviewed the Factual and Advisory Guidelines
> Stipulation with my attorney, and I do not wish to change any part of it.  I am
> completely satisfied with the representation of my attorney.

*Id.* at 13.  The Court then asked whether this statement was correct and the Defendant said "yes,

ma'am."  *Id.* at 13-14.  Indeed, the Court has the following extended exchange with the

Defendant regarding the Defendant's opportunity to review the agreement and whether the

Defendant was satisfied with his counsel:

> The Court:  Specifically, regarding the representation that Mr. Outlaw has been
> providing to you, is there anything you think he should have done that he hasn't
> done, or anything else you need to ask him about right now?
>
> The Defendant:  No, ma'am, I don't.
>
> The Court:  I'm just noting that the agreement itself prepares to have been signed
> today.  So let me be sure.  Before today, Mr. Dennis, did you have enough
> opportunity to discuss this agreement with Mr. Outlaw?
>
> The Defendant:  Yes, ma'am, I did.

*Id.* at 14.

The Court also had the following exchange with the Defendant regarding the terms of the

plea agreement:

> The Court:  In any event, you have an agreement with the government that a
> sentence of imprisonment, in paragraph 8, of 264 months is the appropriate
> disposition in this case . . . I have to make an independent decision about whether
> that's a reasonable agreement and whether to accept that recommendation.  But if
> for some reason, I don't, you would have the right to withdraw your plea.  Now it
> also indicates that if I reject this agreement, and if you withdraw your plea, then
> the government would be free to file a notice of enhanced sentencing under
> section 851, which could make your sentence substantially longer upon
> conviction.
>
> The Defendant:  Yes, ma'am.
>
> The Court:  Okay.
>
> The Defendant:  I understand.
>
> The Court:  All right.  Paragraph 9 says that if I do not approve this plea, again,
> you would have the opportunity to withdraw your plea.  So far as sentencing, both
> you and the government are giving up your right to appeal the sentence if it is the
> 264 months . . .
>
> The Court:  Mr. Dennis, most important, I didn't read this document word for
> work, but as far as you are concerned, was that a correct summary of what you
> think your agreement with the government is?
>
> The Defendant:  Correct.

*Id.* at 19-20, 21.  The Defendant stated that nothing had been promised to him to induce his

guilty plea other than what was outlined in the plea agreement letter.  *Id.* at 21.  The Court then

found that the Defendant was competent to enter a guilty plea and was doing so voluntarily.  *Id.*

at 22.

The Court also sentenced the Defendant on December 16, 2011, in accord with the

request of all of the parties including the Defendant, to a total term of imprisonment of 264

months with the term of imprisonment on count one being 240 months, the term of imprisonment

on count four being 204 months (concurrent with count one), and the term of imprisonment on

count five being 60 months (consecutive to counts one and four).  *Id.* at 22-23, 30-31.  The

Defendant was also made aware that the applicable guideline range was 292 to 364 months.  *Id.*

at 24, 28.  Finally, the Court advised the Defendant had fourteen days to file an appeal.  *Id.*at 32.

     The judgment against the Defendant was entered on December 29, 2011 (Document No.

60).

**IV.**    **Filing of the 2255 Motion and the motion to equitably toll the one-year limitations
period**

     The Defendant filed his 2255 motion on January 25, 2013.  Also on January 25, 2013, the

Defendant filed a motion to equitably toll the one-year limitations period.  In his tolling motion,

the Defendant claims that he mailed his 2255 motion on December 3, 2012 and it was rejected by

the Court.[3]  *See* tolling motion at 4-5.

**ARGUMENT**

**I.**    **The Defendant's motion is untimely filed and the Defendant has not met his burden
that he is entitled to equitable tolling**

     28 U.S.C. § 2255(f) provides that a defendant has one year to file his motion and that the

one-year period runs from the latest of:

---

[3]     The Defendant purports to attach to his tolling motion a copy of the mailing envelope he
used on December 3, 2012.  It should be noted that the mailing label appears to contain the
incorrect postal zip code of "21202" rather than the correct postal zip code of "21201."

(1)     the date on which the judgment of conviction becomes final;
(2)     the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
(3)     the date on which the right asserted by initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(4)     the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

In this case, the Defendant's judgment of conviction became final on December 19, 2011 and the one-year clock began running on this date. Therefore, the Defendant had until January 2, 2013 to file his 2255 motion. The Defendant did not file his motion until January 25, 2013.

The Fourth Circuit has held that equitable tolling has been applied in "two generally distinct situations" – first where "plaintiffs were prevented from asserting their claims by some kind of wrongful conduct on the part of the defendant" and second where "extraordinary circumstances beyond plaintiffs' control made it impossible to file claims on time." *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000) (internal citations omitted). However, the Fourth Circuit has held that equitable tolling must be strictly applied:

> But any invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes. To apply equity generously would loose the rule of law to whims about the adequacy of excuses, divergent responses to the claims of hardship, and subjective notions of fair accommodation.

*Id.* Moreover "[p]rinciples of equitable tolling do not extend to garden variety claims of excusable neglect." *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003). Therefore, the Courth Circuit has held that equitable tolling is only available if the defendant presents "(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." *Id.* The defendant bears the burden of establishing that he is

entitled to equitable tolling.  *Johnson v. United States*, 340 F.3d 1219, 1226 (11th Cir. 2003);

*Lattimore v. Dubois*, 311 F.3d 46, 55 (1st Cir. 2002).

In *Harris*, the defendant claimed that he was entitled to equitable tolling of his habeas

petition filed pursuant to 28 U.S.C. § 2244 because the missed deadline was due to an "innocent

misreading of the statute" by Harris' counsel.  *Harris*, 209 F.3d at 330.   The Fourth Circuit

denied that request, "[w]hile we agree that mistake by Harris' counsel appears to have been

innocent, we cannot say that the lawyer's mistake in interpreting a statutory provision constitutes

that 'extraordinary circumstance' external to Harris that would justify equitable tolling."  *Id.  See*

*also Rouse*, 339 F.3d at 248-52 (finding that neither defendant's medical condition nor the

conduct of defendant's counsel who filed habeas petition justified equitable tolling of a petition

filed one day late); and *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) ("Sosa's

misconception about the operation of the statute of limitations is neither extraordinary nor a

circumstance external to his control").

In *Sandvik v. United States*, 177 F.3d 1269 (11th Cir. 1999), defendant's counsel used

ordinary mail to send in the defendant's § 2255 motion.  The Eleventh Circuit denied the

defendant's request for equitable tolling and stated, "[w]hile the inefficiencies of the United

States Postal Service may be a circumstance beyond Sandvik's control, the problem was one that

Sandvik's counsel could have avoided by mailing the motion earlier or by using a private

delivery service or even a private courier."  177 F.3d at 1272.  *See also Taylor v. United States*,

2013 WL 1188988, *2 (6th Cir. 2013) (unpublished) ("Inadequate prison legal resources,

without more, do not constitute extraordinary circumstances warranting equitable tolling");

*Rivera v. United States*, 448 Fed. Appx. 145, 146 (2d Cir. 2011) (prisoner's allegations regarding

a delay in getting in contact with his attorney and temporary withholding of documents by the

prison mail room to ensure compliance with a prison rule were far from extraordinary and did

not justify equitable tolling); *Johnson v. Chandler*, 224 Fed Apx. 515, 520 (7th Cir. 2007)

(prisoner alleged that his incarceration made it difficult to file a timely petition but Seventh

Circuit held that "a prisoner's incarceration is not an extraordinary circumstance that warrants

application of" equitable tolling and also collecting cases); *Jones v. Hulick*, 449 F.3d 784, 789

(7th Cir. 2006) (equitable tolling not granted where prisoner alleged several circumstances

including having limited access to the law library and the state interfering with prisoners' mail);

*Sanchez v. United States*, 170 Fed. Appx. 643, 647 (11th Cir. 2006) (equitable tolling not granted

where prisoner alleged that prison lockdown and waiting for others' assistance as he did not

speak English).

 In the instant matter, the Defendant does not allege wrongful conduct on the part of any

governmental actor.  Therefore, to carry his burden that he is entitled to equitable tolling, the

Defendant must establish that there were extraordinary circumstances outside his control that

prevented him from timely filing.  However, as the cases discussed above make clear, the

circumstance alleged by the Defendant – that his mailed petition was rejected by the addressee –

is not an extraordinary circumstance.  Indeed, the Defendant appears to have contributed to the

mix up regarding his mailing since the Defendant put the incorrect postal zip code on his initial

mailing.  As such, this is not a circumstance that was beyond the Defendant's control.  Therefore,

the Defendant has not satisfied his burden of establishing that he is entitled to equitable tolling.

## II. Even if the Court were to reach the merits of the Defendant's ineffective assistance of counsel claims, the Defendant cannot establish either that his counsel's performance was deficient or that he suffered prejudice

 In his *pro se* motion, the Defendant raises ineffective assistance of counsel on the basis of

two grounds: (1) Defendant claims that his counsel improperly induced the Defendant to plead

guilty by promising a "capped sentence," dismissal of the charges, and threatening to withdraw

from the case; and (2) counsel's failure to investigate the validity of the Defendant's prior

convictions which, the Defendant alleges, were constitutionally infirm and so could not have

served as qualifying predicates for a determination of Career Offender or Armed Career

Criminal.  In connection with his first ground, the Defendant claims that his counsel practiced

"deceit" regarding the terms and conditions of the plea agreement.

Under *Strickland v. Washington*, 466 U.S. 668 (1984), the Defendant must show that his

counsel's representation fell below "an objective standard of reasonableness" and that this

"deficient performance prejudiced the defendant."  *Id.* at 688, 687.  The Fourth Circuit has held

that "[w]hen a defendant challenges a conviction entered after a guilty plea" the "'prejudice'

prong is slightly modified" and a defendant "must show that there is a reasonable probability

that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going

to trial." *Hooper v. Garraghty*, 845 F.2d 471, 475 (4th Cir. 1988) (internal citation omitted).  A

defendant bears the burden of proving prejudice.  *Fields v. Attorney General of the State of*

*Maryland*, 956 F.2d 1290, 1297 (4th Cir. 1992).   The Defendant can show neither deficient

performance by his counsel or any prejudice to the Defendant regarding the either ground raised

by the Defendant.

> A.   *The Defendant cannot show either that his counsel's performance was deficient or that the Defendant suffered prejudice in connection with the plea agreement and the Defendant's guilty plea*

The Defendant makes vague allegations that his counsel misrepresented the terms of the

plea agreement and induced the Defendant's guilty plea by promising a "capped sentence of no

more than 10 years", dismissal of charges, and a threat to withdraw from the case.  First, the

Defendant's claim that his counsel promised both a "capped sentence" and a dismissal of the

charges seems internally inconsistent since, if the charges were dismissed, there would be no sentence.  In addition, even if counsel had threatened to withdraw from the case as the Defendant claims, since Defendant had appointed counsel, it is almost certain that this Court would then just simply have appointed new counsel.[4]

But most importantly, the plea agreement itself very clearly specified that it was an agreement in which the parties agreed that a total term of imprisonment of 264 months was the appropriate disposition.  *See* plea agreement at ¶ 8.  The Court also went over the terms of the plea agreement in great detail with the Defendant.  *See* plea colloquy transcript at 19-20, 21. During the plea colloquy, the Defendant represented that he understood the terms of the plea agreement.  *See id.*  "Absent clear and convincing evidence to the contrary, a defendant is bound by the representations he makes under oath during a plea colloquy."  *Fields*, 956 F.2d at 1299. Therefore, the Defendant cannot demonstrate either deficient performance or prejudice as it is clear from the record that he understood that, under the plea agreement, the total term of imprisonment was 264 months – which is the term to which the Court sentenced him.  Indeed, the Defendant's sentence was *28 months less* than the lowest end of the guideline range of 292 to 365 months.

---

[4]     Undersigned counsel asked trial counsel Lucius Outlaw, Assistant Federal Public Defender, for an affidavit in response to the Defendant's allegations but was advised that it is the policy of the Office of the Federal Public Defender not to provide such affidavits.  However, undersigned counsel is highly skeptical of the truth of any of the Defendant's allegations – particularly the Defendant's allegation that his counsel threatened to withdraw from the case.  As this Court knows, pretrial motions were vigorously litigated by the Defendant's trial counsel and trial counsel fully participated in and pursued the Defendant's interests during the *Franks* hearing.

> B.      The Defendant cannot demonstrate deficient performance regarding alleged
>         failure to investigate the Defendant's prior drug trafficking convictions

The Defendant alleges that his counsel was deficient in failing to investigate his prior

felony convictions as these convictions were, according to the defendant, "unconstitutionally

obtained."  The pre plea criminal history report found that the Defendant was an Armed Career

Criminal and a Career Offender on the basis of the Defendant's 2007 CDS (Controlled

Dangerous Substances) Distribution and Conspiracy to Distribute CDS, 2009 CDS Possession

with Intent to Distribute, and 2009 CDS Possession with Intent to

Manufacture/Distribute/Dispense Convictions, all from the Circuit Court for Baltimore City.  *See*

pre plea criminal history report at ¶¶ 4, 9, 11, 16, and 17.

Other than claiming that these convictions were "unconstitutionally obtained," the

Defendant does not explain how his counsel could or should have challenged these convictions.

Moreover, without a clearer explanation of exactly how his counsel's performance fell below "an

objective standard of reasonableness", undersigned counsel respectfully submits that Defendant

cannot also show how he was prejudiced.  *Cf. Saunders v. United States*, 236 F.3d 950, 952-53

(8th Cir. 2001) (defendant alleged that trial counsel was ineffective for failing to call defense

witnesses but did not specify the identities of these witnesses and the Eighth Circuit found that

without the identities of the witnesses, it was not possible to assess whether trial counsel's failure

to call them was reasonable and that the "lack of specificity as to both the identity of the

conjectural witnesses and the content of their testimony prevents us from assessing whether there

was any prejudice to Saunders's defense"); *Janofsky v. St. Amand*, 594 F.3d 39, 49 (1st Cir.

2010) ("Where, as here, the result of counsel's alleged failure to investigate [the availability of]

exculpatory evidence] is wholly speculative, *Strickland's* prejudice prong is not satisfied");

*United States v. Green*, 882 F.2d 999, 1003 (5th Cir. 1989) ("A defendant who alleges a failure

to investigate on the part of his counsel must allege with specificity what the investigation would have revealed and how it would have altered the outcome of the trial); *Helton v. Sec'y for the Dept of Corrections*, 259 F.3d 1310, 1314 (11th Cir. 2001) (defendant's habeas petition which alleged lack of prison library resources "lacks the necessary specificity to show when he found out about the library's alleged deficiency and what – if anything – he did to remedy the defect").

## CONCLUSION

For the foregoing reasons, the defendant's motion pursuant to 28 U.S.C. § 2255 and motion to equitably toll the one-year limitations period should be denied.

Respectfully submitted,
Rod J. Rosenstein
United States Attorney

By:_____/s/_____
Ayn B. Ducao
Assistant United States Attorney
36 South Charles Street
Fourth Floor
Baltimore, MD 21201
(410) 209-4800

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 3rd day of May, 2013, a copy of the foregoing

Opposition to Defendant's motion pursuant to 28 U.S.C. § 2255 and motion to equitably toll the

one-year limitations period was electronically filed with notice to:

Lucius T. Outlaw, III, Esquire
Assistant Federal Public Defender
100 South Charles Street, Tower II
9th Floor
Baltimore, MD 21201
*Counsel for defendant*

and was mailed postage prepaid to defendant to:

Michael Dennis
# 53563-037
FCI Gilmer
Federal Correctional Institution
P.O. Box 6000
Glenville, WV 26351


_____/s/_____
Ayn B. Ducao
Assistant United States Attorney