## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| | : | |
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **Civil Action No. CCB-13-0301** |
| | : | **(Related to Criminal Case** |
| **MICHAEL DENNIS,** | : | **No. CCB-10-0715)** |
| | : | |
| **Defendant** | : | |

...oooOooo...

## GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION FOR LEAVE TO SUPPLEMENT AND MEMORANDUM BRIEFING IMPACT OF DESCAMPS AND ALLEYNE ON UNDERLYING CRIMINAL PROSECUTION

Now comes the United States of America, by and through its counsel Rod J. Rosenstein, United States Attorney for the District of Maryland, and Ayn B. Ducao, Assistant United States Attorney for the District of Maryland, and respectfully submits this Opposition to Defendant's motion for leave to supplement and memorandum briefing impact of *Descamps* and *Alleyne* on underlying criminal prosecution (Document No. 84).[1]  As neither *Descamps* nor *Alleyne* are applicable to the Defendant's case, the Defendant's motion should be denied.

---

[1] In his motion, the Defendant has also requested the appointment of counsel.  The Government does not take a position on this request.  However, the Government would note that Lucius T. Outlaw, III, of the Office of the Federal Public Defender remains the Defendant's counsel of record.

**ARGUMENT**[2]

**I.      Neither *Descamps* nor *Alleyne* is applicable to the Defendant's case**

      **A.      As the Defendant's convictions were categorically drug trafficking offenses and not violent felonies, *Descamps* is inapplicable.**

The Armed Career Criminal Act (ACCA) provides that anyone who violates 18 U.S.C. § 922(g) and has three previous convictions for either a "violent felony or a serious drug offense or both" is subject to a mandatory minimum term of imprisonment of fifteen years.  18 U.S.C. § 924(e)(1).  A "serious drug offense" is described, in pertinent part, as "an offense under State law, involving manufacturing, distributing, or possession with intent to manufacture or distribute, a controlled substance . . . for which a maximum term of imprisonment of ten years or more is prescribed by law."  18 U.S.C. § 924(e)(2)(A)(ii).  A "violent felony" is also defined. *See* 18 U.S.C. § 924(e)(2)(B).

In *Descamps v. United States*, 133 S. Ct. 2276 (2013), the Supreme Court first discussed the use of the "categorical approach" and the "modified categorical approach" to determine whether a defendant's prior conviction is a "violent felony" under the ACCA.  133 S. Ct. 2281. The Court went on to hold that the "modified categorical approach" cannot be applied to a statute that contains "a single 'indivisible' set of elements sweeping more broadly than the corresponding generic offense."  *Id.* at 2283.

The pre plea criminal history report found that the Defendant was an Armed Career Criminal and a Career Offender on the basis of the Defendant's 2007 CDS (Controlled Dangerous Substances) Distribution and Conspiracy to Distribute CDS, 2009 CDS Possession

---

[2]      A factual and procedural summary was provided with the Government's previously filed opposition to the Defendant's motion pursuant to 28 U.S.C. § 2255 (Document No. 81) and so will not be repeated here.

with Intent to Distribute, and 2009 CDS Possession with Intent to

Manufacture/Distribute/Dispense Convictions, all from the Circuit Court for Baltimore City.  *See*

pre plea criminal history report at ¶¶ 4, 9, 11, 16, and 17.[3]  Thus the Defendant's predicate

convictions are categorically "serious drug offenses", not "violent felonies" and, as such,

*Descamps* is inapplicable.  *See United States v. Redd*, 372 Fed. Appx. 413, 415 (4th Cir. 2010)

(unpublished) (finding that prior conviction for distribution of cocaine and two prior convictions

for first-degree assault in Maryland were categorical predicate offenses under the ACCA and that

defendant's reliance on *Taylor v. United States*, 495 U.S. 575 (1990) and *Shepard* was

"misplaced").[4]

---

[3]     The pre plea criminal history report was previously attached as Exhibit B to the
Government's previously filed opposition to the Defendant's motion pursuant to 28 U.S.C. §
2255.  At the Defendant's request, the Defendant was sentenced on the same day that he pled
guilty and so consented to the Court using the pre plea criminal history in lieu of a presentence
report at sentencing.  A trial judge is "entitled to rely upon the [presentence report] because it
bears the earmarks of derivation from [*Shepard v. United States*, 544 U.S. 13 (2005)] approved
sources such as the indictments and state-court judgments."  *United States v. Thompson*, 421
F.3d 278, 285 (4th Cir. 2005).  In addition, the certified copies of the Defendant's predicate
convictions are attached to this opposition as Exhibits A, B, and C.

[4]     The Defendant also appears to argue that his 2007 conviction for CDS (Controlled
Dangerous Substances) Distribution and Conspiracy to Distribute CDS was not a prior
conviction for either Armed Career Criminal or Career Offender purposes.  *See* Def. Motion at
13.  However, a defendant is considered a Career Offender where he has at least two prior felony
convictions of either a crime of violence or a controlled substance offense.  U.S.S.G. § 4B1.1(a).
Thus the Defendant's *two* separate 2009 drug trafficking convictions are qualifying Career
Offender predicates even if the 2007 conviction was not a qualifying predicate.

Violation of 18 U.S.C. § 922(g) is ordinarily punishable by a fine and/or a term of
imprisonment of not more ten years.  18 U.S.C. § 924(a)(2).  However, as discussed above, the
ACCA provides that anyone who violates 18 U.S.C. § 922(g) and has three previous convictions
for either a "violent felony or a serious drug offense or both" is subject to a mandatory minimum
term of imprisonment of fifteen years.  18 U.S.C. § 924(e)(1).  18 U.S.C. § 924(e)(2)(c) provides
that the term "conviction" "includes a finding that a person has committed an act of juvenile
delinquency" but does not provide further definition of the term "conviction."  18 U.S.C. §
921(a)(20) defines "crime punishable by imprisonment for a term exceeding one year" and

provides that "[w]hat constitutes a conviction of such a crime shall be determined in accordance with the law of the jurisdiction in which the proceedings were held."

The Maryland Court of Appeals has stated that "the meaning of 'convicted' and 'conviction' turns upon the text and purpose with which those terms are used." *Myers v. State*, 303 Md. 639, 642 (1985). The Maryland courts have determined that there are certain instances in which a probation before judgment constitutes a "conviction" and other instances in which it does not. *Compare Motor Vehicle Admin. v. Jaigobin*, 413 Md. 191, 193 (2010) (holding that a probation constitutes a conviction under the Maryland Commercial Driver's License Act); *Rivera v. State*, 409 Md. 176, 191 (2009) (holding a probation before judgment constitutes a conviction such that defendant is entitled to bring a *coram nobis* petition); *Abrams v. State*, 176 Md. App. 600, 617 (Md. Ct. Spec. App. 2007) (holding a probation before judgment constitutes a conviction such that defendant is entitled to bring a *coram nobis* petition); *Anthony v. State*, 117 Md. App. 119, 131-32 (Md. Ct. Spec. App. 1997) (holding that a sentencing court may consider a probation before judgment but noting that a probation before judgment is not a conviction for purposes of any legal disqualification or disability); *Shilling v. State*, 320 Md. 288, 196 (1990) (holding that defendant who was facing charge of operating a motor vehicle while intoxicated and who had previously received probation before judgment for driving while under the influence was entitled to notice from the state of its intention to seek enhanced penalties under a Maryland law requiring notice to one "who because of a prior conviction is subject to an additional or mandatory statutory punishment"); *with Jones v. Baltimore City Police Dept.*, 326 Md. 480, 489 (1992) (holding that a probation before judgment is not a conviction under the Law Enforcement Officers Bill of Rights); *Gabaka v. State*, 84 Md. App. 154, 155-56 (Md. Ct. Spec. App. 1990) (holding that a defendant who receives a probation before judgment cannot seek relief under the Maryland Post Conviction Procedure Act); *Ogburn v. State*, 71 Md. App. 496, 502-08 (Md. Ct. Spec. App. 1987) (holding that a trial court did not abuse its discretion in finding that a witness could not be cross examined about previously receiving probation before judgment on a theft charge); *Myers*, 303 Md. 647-48 (holding that probation before judgment does not constitute a conviction under a Maryland law prohibiting persons convicted of perjury from testifying as witnesses). *See also Moore v. State*, 198 Md. App. 655, 687 (Md. Ct. Spec. App. 2011) (collecting cases).

Even assuming that the Defendant's 2007 conviction for CDS (Controlled Dangerous Substances) Distribution and Conspiracy to Distribute CDS was not a prior predicate conviction for Armed Career Criminal purposes, as discussed above, the Defendant was a Career Offender. Moreover, in the plea agreement, the Defendant agreed pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) that 264 months was the appropriate disposition of the case. See plea agreement at ¶ 8. However, the parties did not specify the exactly how this 264 months was to be apportioned amongst the three counts.

The Court sentenced the Defendant to a total term of imprisonment of 264 months with the term of imprisonment on count one being 240 months (conspiracy to possess with intent to distribute cocaine base and heroin, in violation of 21 U.S.C. § 846); the term of imprisonment on count four being 204 months (possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1)) (concurrent with count one); and the term of imprisonment on count five

**B.      As the Defendant pled guilty pursuant to a plea agreement, *Alleyne* is also inapplicable**

In *Alleyne v. United States*, 133 S. Ct. 2151 (2013), the defendant was convicted after a jury trial of multiple offenses including using or carrying a firearm in relation to a crime of violence pursuant to 18 U.S.C. § 924(c)(1)(A).  133 S. Ct. at 2155-56.  The jury did not indicate whether it resolved the question of whether the defendant "brandished" the firearm.  *Id.* at 2156.  The sentencing court found that the defendant was subject to a seven-year mandatory minimum sentence on the 924(c) count on the basis of its finding the question of whether the defendant "brandished" the firearm was a sentencing factor that the sentencing court could find by a preponderance of the evidence.  *Id.*  The Supreme Court held that the question of whether the defendant "brandished" the firearm was a question that had to be found by the jury beyond a reasonable doubt because it increased the mandatory minimum sentence from five years to seven.  *Id.* at 2163.

The Defendant in the instant case pled guilty pursuant to a plea agreement which contained an agreed upon statement of facts.  *See* plea agreement attached as Exhibit D.  During his guilty plea, this Court asked the Defendant, "Mr. Dennis, what I need to know is whether you agree that what's in that Statement of Facts is correct, and that you did what it says in there you did, including having an agreement with at least one other person?" and the Defendant answered

---

being 60 months (possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) (consecutive to counts one and four).

Therefore, the most that the Defendant is possibly entitled to is reduction of his sentence on count four to ten years.  However, since the term of imprisonment on count four is *concurrent* to count one, that would not change that the Defendant's aggregate sentence is 264 months – the disposition to which the Defendant agreed.

"Yes, ma'am."  *See* plea colloquy attached as Exhibit E at 17.  Therefore, because this was a guilty plea and not a jury trial, *Alleyne* is not applicable.

## CONCLUSION

For the foregoing reasons, the defendant's motion for leave to supplement and memorandum briefing impact of *Descamps* and *Alleyne* on underlying criminal prosecution be denied.

Respectfully submitted,
Rod J. Rosenstein
United States Attorney

By:____/s/_____
    Ayn B. Ducao
    Assistant United States Attorney
    36 South Charles Street
    Fourth Floor
    Baltimore, MD 21201
    (410) 209-4800

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 16th day of October, 2013, a copy of the foregoing

Opposition to Defendant's motion for leave to supplement and memorandum briefing impact of

*Descamps* and *Alleyne* on underlying criminal prosecution was electronically filed with notice to:

Lucius T. Outlaw, III, Esquire
Assistant Federal Public Defender
100 South Charles Street, Tower II
9th Floor
Baltimore, MD 21201
*Counsel for defendant*

and was mailed postage prepaid to defendant to:

Michael Dennis
# 53563-037
FCI Gilmer
Federal Correctional Institution
P.O. Box 6000
Glenville, WV 26351

\_\_\_\_/s/_____
Ayn B. Ducao
Assistant United States Attorney